**Stefan J. ZIERING, Plaintiff,**

**v.**

**NEW YORK CITY DEPARTMENT OF HEALTH, OFFICE OF MEDICAL EXAMINER; Eliot M. Gross, individually and in his official capacity as Chief Medical Examiner; Robert Willis, individually and in his official capacity a Special Assistant Investigator/Inspector General; and John Griffin, individually and in his official capacity as Principal Supervisor, Defendants.**

**No. 83 Civ. 7982 (DNE).**

United States District Court, S.D. New York.

Nov. 19, 1985.

Anton Antomattei, New York City, for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel for the City of New York (Sherrie E. Brown, Susan D. Wagner, Diane J. Morgenroth, and Norma Kerlin, of counsel), for defendants.

OPINION AND ORDER

EDELSTEIN, District Judge:

Plaintiff Stefan J. Ziering ("Ziering") brought this action, claiming that he had

---

been wrongfully discharged from the Office of the Chief Medical Examiner. Ziering alleges that he was discharged based on his national origin. Plaintiff bases his claim on Title 42, Sections 1981 and 1983 of the United States Code and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* A non-jury trial was conducted on May 13 and 14, 1985. Defendants moved to dismiss the case following plaintiff's case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The court granted the motion based on plaintiff's failure to establish a prima facie case. This Opinion constitutes the court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.[1]

## FINDINGS OF FACT

Ziering, who is presently 28 years old, was born in Puerto Rico (Tr. at 21) and speaks both Spanish and English.[2] Plaintiff was appointed as a provisional mortuary technician in the Office of the Chief Medical Examiner on November 3, 1980. (Tr. at 23). Mr. Ziering admitted that he was not treated differently than any other technicians. (Tr. at 103). Mr. Ziering's work was satisfactory, (Tr. at 111–12), however, there was a charge regarding plaintiff being a lookout for another technician who was chiseling gold from the teeth of a corpse. Defendants elicited testimony from the plaintiff that implied that Ziering was told by the Department of Investigation that he would not be terminated as a result of this incident if he assisted in the investigation. (Tr. at 110). Although he was under investigation, no formal charges were ever made against Mr. Ziering as a result of this incident. (Tr. at 79, 111).

Plaintiff took the civil service exam for mortuary technician on January 27, 1982, and passed the exam with a scaled grade of 88.2. (Tr. at 83). A civil service eligible list was subsequently promulgated. Mr.

Ziering's position on the list, which would make him eligible for a permanent position as a mortuary technician, has not been reached. (Tr. at 84).

On October 14, 1982, Ziering was advised that his provisional employment as a mortuary technician would be terminated as of October 22, 1982. (Tr. at 100–01) Other provisional technicians were also discharged including Mr. Gary Ivey, who scored higher than Mr. Ziering on the civil service examination. (Tr. at 101).

## CONCLUSIONS OF LAW

The Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), set forth the criteria for determining whether a prima facie case of racial discrimination under Title VII has been proved. *Id.* at 802, 93 S.Ct. at 1824. Under the circumstances of this case, these criteria may be used to determine whether the plaintiff has satisfied his burden under Sections 1981 and 1983. *See Hudson v. International Business Machines Corp.*, 620 F.2d 351, 354 (2d Cir.) (*McDonnell Douglas* criteria applied to § 1981), *cert. denied*, 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 611 (1980); *Ramirez v. Sloss*, 615 F.2d 163, 167–68 & nn. 6 & 7 (5th Cir.1980) (dictum) (*McDonnell Douglas* factors may be applied to §§ 1981 and 1983); *Allesberry v. Pennsylvania*, 30 Fair Empl.Prac.Cas. (BNA) 1634, 1644 (M.D.Pa. 1981) (failure to satisfy *McDonnell Douglas* standards under Title VII also disposed of §§ 1981 and 1983 claims); *Adams v. Gaudet*, 515 F.Supp. 1086, 1095 n. 5 (W.D. La.1981) (*McDonnell Douglas* test "would seem to be relevant to claims ... brought under" §§ 1981 and 1983), *aff'd in part mem. sub nom., Adams v. Jefferson Davis Parish School Board*, 673 F.2d 1325 (5th Cir.1982); 2 A. Larson, Employment Discrimination § 52.61, at 10–177 (1979) (sup-

1. The court has weighed the evidence presented and has decided issues of fact. The court need not view the facts in the light most favorable to the plaintiff. *See* Fed.R.Civ.P. 41(b).

2. Spanish is plaintiff's primary language. (Tr.

ports application of *McDonnell Douglas* standards to § 1983).[3]

To establish a prima facie case in a discriminatory discharge situation, plaintiff must prove:

    1) that he belongs to a racial minority;

    2) that he was qualified for the job he was performing;

    3) that he was satisfying the normal requirements in his work;

    4) that he was discharged; and

    5) that after his discharge the employer assigned those who were not members of plaintiff's racial minority to perform the same work.

*Flowers v. Crouch-Walker Corp.*, 552 F.2d 1277, 1282 (7th Cir.1977); *see McDonnell Douglas Corp. v. Green*, 411 U.S. at 802, 93 S.Ct. at 1824.

■ Plaintiff has not produced evidence regarding this final element. Specifically, plaintiff failed to introduce evidence that provisional mortuary technicians with similar qualifications were retained. The testimony relating to this element elicited by plaintiff's counsel was muddled. Plaintiff testified that a number of people worked in the Office of the Medical Examiner before he was terminated. (Tr. at 40–41, 55–57). There was no testimony, however, regarding the status of these other employees after Ziering was terminated. The only brief reference to this area was that Mr. Ziering had knowledge that these others were interviewed after the civil service list was published. (Tr. at 95).[4] Further, evidence was elicited by the defendants distinguishing the jobs of some other provisional employees from the plaintiff's job, (Tr. at 56). Thus, evidence was never received that indicated that these individuals or others similarly employed were retained. (Tr. at 55–56).[5]

■ Finally, even had a prima facie case been established, plaintiff would still not be able to recover. Defendants established a valid basis for the termination—the publication of the civil service list. Further, defendants established that an employee who scored higher than the plaintiff on the civil service exam was terminated after the civil service list came out. (Tr. at 101). Thus, there is no indication that plaintiff was treated differently from other provisional employees.

## CONCLUSION

This action is dismissed based on plaintiff's failure to prove a prima facie case under Title VII, 18 U.S.C. § 2000e *et seq.* or 42 U.S.C. §§ 1981 and 1983.

SO ORDERED.

at 21).

**3.** A prima facie case under sections 1981 and 1983 may require additional elements than those set forth in *McDonnell Douglas*. *Ramirez v. Sloss*, 615 F.2d at 168 n. 7.

**4.** Plaintiff's counsel attempted to introduce documents and elicit testimony from the plaintiff that would appear to relate to the retention of other provisional employees. The documents were never received into evidence, however, and the testimony did not state whether other employees were in fact retained. The failure to introduce this evidence can be traced to plaintiff's counsel's apparent unfamiliarity with the rules of evidence and the proper method for establishing a foundation for the introduction of physical evidence. For example, on the one occasion when plaintiff's counsel did specifically offer a document relating to other employees,

he did so when plaintiff was on the stand. Defendants objected, noting that it was improper to introduce the documents through Mr. Ziering. The court sustained the objection. (Tr. at 88–89). Plaintiff's counsel did not attempt to re-offer the documents through a proper witness. *See* Fed.R.Evid. 803(6) (business records exception to hearsay rule requires "testimony of the custodian or other qualified witness"). Plaintiff's counsel also attempted to introduce newspaper articles relating to the Office of the Medical Examiner and relating to possible defense witnesses who were employed in the Office of the Medical Examiner. (Tr. at 11–12). Plaintiff's counsel clearly should have known that these articles are hearsay.

**5.** Even had plaintiff introduced evidence regarding the retention of these employees, the fourth element would still not be satisfied because they are not performing the same work as plaintiff.